UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-cr-00061-003 |
| v. ) | |
| ) | Judges McDonough/Steger |
| MILTON J. PATRICK ) | |

## MEMORANDUM AND ORDER

MILTON J. PATRICK ("Defendant") came before the Court for an initial appearance on June 13, 2024, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 141].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Damon Burk of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Russ Swafford explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing, but requested a detention hearing. At counsel's request, the detention hearing was conducted immediately following the initial appearance.

At the detention hearing, the Government relied upon the allegations in the Petition [Doc. 141]. In response, Attorney Burk proffered evidence on behalf of Defendant. Both attorneys were given an opportunity to argue their positions to the Court.

The Petition recites eight conditions of supervision violated by Defendant, *to wit*:

- **Mandatory Condition #2**: You must not unlawfully possess a controlled substance.

- **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- **Standard Condition #4:** You must answer truthfully the questions asked by the probation officer.

- **Standard Condition #7:** You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

- **Standard Condition #8:** You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

- **Standard Condition #9:** If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

- **Standard Condition #13:** Defendant must follow the instructions of the probation officer related to the conditions of supervision.

The sworn Petition details facts giving rise to violations of these conditions of supervision. More specifically, after Defendant served a term of imprisonment for conspiracy to distribute heroin, he started his period of supervised release on April 20, 2022. Thereafter:

- Defendant failed to submit monthly reporting forms to the probation officer in August, September, and October 2023, and in March and April 2024.

- Defendant failed to submit proof of employment as directed.

- On May 7, 2024, Defendant's mother informed the probation officer that Defendant had been using heroin and other illegal controlled substances, and had to be rushed to the hospital and taken to drug treatment. CADAS confirmed that

Defendant was admitted for evaluation for treatment of fentanyl, alcohol, and methamphetamine. Defendant admitted that he was using three grams of fentanyl daily, three grams of methamphetamine daily, and drinking beer daily. Following detox, Defendant left CADAS against the advice of the staff/medical advice.

- On May 23, 2024, the probation officer discovered that Defendant had been arrested on April 13, 2024, for Possession of Schedule II, Possession of Schedule IV, DUI, Following Too Closely, Possession of Burglary Tools, and Possession of Drug Paraphernalia. By way of background, law enforcement initiated a traffic stop on Defendant for following a dump truck too closely. Defendant was visibly impaired, slurring his speech, and stumbling. Police searched the vehicle and found a variety of illegal controlled substances. Defendant bonded out of custody on that same date.

- Two days later, on April 15, 2024, Defendant was determined to be unresponsive at Parkridge Hospital, and hospital staff had to administer Narcan. Defendant was found to be in possession of fentanyl.

- Defendant had a court hearing scheduled in Soddy Daisy City Court on May 14, 2024, but failed to appear.

- Defendant failed to report to his probation officer that he had been arrested. He also provided false information to the probation office on his monthly reporting form.

- On May 28, 2024, Defendant underwent a drug test at the probation office. He tested positive for methadone, benzodiazepine, and fentanyl.

The Court notes that, after being convicted and sentenced for Conspiracy to Distribute Heroin, Defendant must be supervised closely and must comply with the conditions of his supervised release to ensure the safety of the community. Despite his conviction for distributing heroin, Defendant has continued to use illegal controlled substances, including fentanyl and methamphetamine, while on supervised release. Further, Defendant has not been truthful with his probation officer.

The Court finds that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community and that he is not a flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before the United States District Judge.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE